UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| WAYNE K. CHUMLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.  1:07-cv-102 |
| ) | |
| DAVID A. GOERTZEN, M.D., and ) | |
| ORTHOPAEDICS NORTHEAST, P.C., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Before the Court is a Verified Petition for Removal (Docket # 2) filed by Defendants David A. Goertzen, M.D., and Orthopaedics Northeast, P.C., removing this case from the Allen County, Indiana, Superior Court to this Court based on diversity of citizenship pursuant to 28 U.S.C. §§ 1332 and 1441.

However, the Plaintiff's Complaint and the Defendants' Petition for Removal are inadequate to establish diversity jurisdiction. The Complaint alleges only that Plaintiff Wayne K. Chumley "resides" in Ohio (Compl. ¶ 1), with no allegations regarding the citizenship of any of the parties. *See Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332). Moreover, the Petition for Removal purports that Plaintiff Chumley and Defendants Goertzen and Orthopaedics Northeast are all "residents" of Indiana (Verified Pet. for Removal ¶¶ 3-4), which is not only inadequate to establish citizenship but also fails to demonstrate diversity between the Plaintiff and the Defendants.

But even if the Court assumes, as the Defendants suggest, that there is diversity of citizenship because Chumley is a citizen of Ohio and Goertzen and Orthopaedics Northeast are

citizens of Indiana, removal is seemingly improper pursuant to the "forum defendant" rule (also referred to as the "no-local-defendant" limitation in some jurisdictions) of 28 U.S.C. § 1441(b). Under this rule, a case is removable on the grounds of diversity jurisdiction "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b); *see Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 378-80 (7th Cir. 2000); *Lashcon, Inc. v. Butler*, 340 F. Supp. 2d 932, 935 (C.D. Ill. 2004); *WRS Motion Picture & Video Lab. v. Post Modern Edit, Inc.*, 33 F. Supp. 2d 876, 877-78 (C.D. Cal. 1999); *see generally Spencer v. U.S. Dist. Court for the N. Dist. of Cal.*, 393 F.3d 867, 870 (9th Cir. 2004); *Korea Exch. Bank, N.Y. Branch v. Trackwise Sales Corp.*, 66 F.3d 46, 50 (3rd Cir. 1995); *Lamotte v. Roundy's, Inc.*, 27 F.3d 314, 315-16 (7th Cir. 1994). As this case was removed from an Indiana state court by the Defendants on the grounds of diversity, but with Goertzen and Orthopaedics Northeast both purportedly citizens of Indiana, the removal was ostensibly in violation of Section 1441(b)'s "forum defendant" rule. *See* 28 U.S.C. § 1441(b); *Hurley*, 222 F.3d at 378-80; *Lashcon*, 340 F. Supp. 2d at 935; *WRS Motion Picture*, 33 F. Supp. 2d at 877-78.

Accordingly, if Chumley seeks to remand the case due to an alleged violation of the "forum defendant" rule, or if he seeks a remand on any other basis, he is to file a motion to remand with this Court on or before May 25, 2007.

SO ORDERED.

Enter for this 4th day of May, 2007.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge