```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF INDIANA
                   FORT WAYNE DIVISION


WAYNE K. CHUMLEY,              )
                               )
Plaintiff,                     )
                               )
vs.                            )       NO. 1:07-CV-102
                               )
DAVID A. GOERTZEN, M.D,        )
et. al.,                       )
                               )
Defendants.                    )
```

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand, filed on May 24, 2007. For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion to Remand and **ORDERS** that this case be **REMANDED** to the Allen Superior Court.

BACKGROUND

Plaintiff, Wayne K. Chumley, filed suit against Defendants, David A. Goertzen, M.D. and Orthopaedics Northeast, P.C., in the Allen County Superior Court. Defendants then removed this case here by filing a Verified Petition for Removal. (DE# 2). In that petition, Defendants proffered that removal to federal court was proper pursuant to 28 U.S.C. section 1332(a)(1), commonly referred to as diversity of citizenship, setting forth that they were

residents of Indiana and Plaintiff is also a resident of Indiana.

On May 4, 2007, the parties were advised that the petition for removal was deficient to establish diversity jurisdiction, and the Plaintiff was invited to file a motion for remand. (May 4, 2007, Order). Plaintiff has filed the instant motion requesting the Court to remand this case back to Allen Superior Court. Defendants have failed to respond.

DISCUSSION

Remand to State Court is Appropriate

Removal is proper over any action that could have been filed originally in federal court. *Grubbs v. General Elec. Credit Corp.*, 405 U.S. 699, 702 (1972). Defendants have removed this action from the Allen Superior Court in Allen County, Indiana, to this Court based upon diversity of jurisdiction, which requires that the parties of a case be of diverse state citizenship and that the amount in controversy be in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); 28 U.S.C. § 1441(a); *Cassens v. Cassens*, 430 F.Supp.2d 830, 832-33 (S.D. Ill. 2006). Defendants, as the removing parties, have the burden of establishing that the complete diversity and amount in controversy requirements were met. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006).

Defendants have not met their burden of establishing diversity of citizenship is present amongst the parties. Defendants'

petition for removal is defective because it fails to verify the citizenship of the Plaintiff or any of the Defendants. It alleges only that the parties are residents of Indiana. These allegations are insufficient. To start, allegations of the parties' residency cannot establish diversity jurisdiction, which is determined by citizenship of a state, not allegations of residency of a state. *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000)("It is well-settled that '[w]hen the parties allege residence but not citizenship, the court must dismiss the suit.'")(quotation omitted); *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)(in a diversity action, "when the parties allege residence but not citizenship, the only proper step is to dismiss the litigation for want of jurisdiction."). Moreover, even if allegations of residency were sufficient to show citizenship, Defendants' petition would still be insufficient to support removal because it alleges all parties are residents of Indiana. Thus, there would be no diversity.

Looking past the verified petition, the Complaint alleges that Plaintiff is a citizen of Ohio and Defendants are citizens of Indiana. As Magistrate Judge Cosbey articulately explained in his May 4, 2007, Opinion and Order, even if the allegations of the Complaint were taken as true, removal would be inappropriate under "forum defendant" rule. (DE# 4).

District courts are to "interpret the removal statute narrowly," and any doubt regarding jurisdiction should be resolved

in favor of remand to state court. *Doe v. Allied-Signal, Inc.* 985 F.2d 908, 911 (7th Cir. 1993). Conservatively speaking, there is clearly some doubt regarding jurisdiction. Indeed, Defendants have failed to establish any of the parties' citizenship to invoke diversity jurisdiction. Therefore, this matter should be remanded to state court.

CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion to Remand and **ORDERS** that this case be **REMANDED** to the Allen Superior Court.

**DATED: July 2, 2007**               /s/RUDY LOZANO, Judge
                                       **United States District Court**